FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 30, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SCOTT FRANCIS ICEBERG,<br><br>      Plaintiff,<br><br>vs.<br><br>WHITMAN COUNTY, LORENA LYNCH, in her official capacity,<br><br>      Defendants. | Case No. **2:22-cv-00332-TOR**<br><br>COMPLAINT FOR DECLARATORY RELIEF |

## I. INTRODUCTION

1. Plaintiff is a disabled individual seeking to access the Whitman County Superior Court for purposes of filing a lawsuit.

2. Plaintiff requested appointment of an attorney, or any similar accommodation, from Defendants, prior to filing a lawsuit in Whitman County Superior Court

3. Without conducting an indivualized assement, gathering relevant medical documents from Plaintiff, consulting with qualified medical professionals, Defendants denied Plaintiffs request for appointment of an attorney.

4. Without demonstrating Plaintiff's request to be a fundamental alteration, undue burden, or threat to others, Defendants denied Plaintiffs request for appointment of an attorney.

## II.    JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343. This Court has jurisdiction over Plaintiff's claims for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

## III.    VENUE

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. All relevant events or omissions giving rise to Plaintiff's claims occurred within this district. Defendants reside within this district.

## IV.    PARTIES

6. Plaintiff Scott Francis Iceberg has been diagnosed with Panic Disorder, Generalized Anxiety Disorder, Complex Post Traumatic Stress Disorder, Persistent Depressive Disorder, and Severe Ulcerative Colitis. Said afflictions are so severe that Plaintiff has been a recipient of Social Security Disability Insurance since 2012. Plaintiff is thus a "qualified person with a disability" as defined by Title II of the Americans with Disabilities Act (ADA). 42 U.S.C. § 12102; 28 C.F.R. § 35.104. Plaintiff is also a

"otherwise qualified individual with a disability" within the meaning of the Rehabilitation Act, 29 U.S.C. § 794.

7. Defendant Whitman County Superior Court, the "Court", at all relevant times, is and has been a public entity within the meaning of Title II of the ADA. 42 U.S.C. § 12131.

8. Defendant Whitman County Superior Court, at all relevant times, has received and continues to receive federal financial assistance within the meaning of the Rehabilitation Act, 29 U.S.C. § 794.

9. Defendant Lorena Lynch , at all relevant times, is and has been the person tasked with ensuring compliance with the ADA, and Rehabilitation Act, at Whitman County Superior Court. She is sued in her official capacity under the ADA and Rehabilitation Act.

## V.    FACTS

11. On approximately 10-7-2020 Plaintiff called the Whitman County Superior Court in order to arrange to speak with the ADA/504 coordinator in order to arrange accommodations which will allow Plaintiff to access the Whitman County Superior Court for purposes of filing a lawsuit against Washington State University.

12. Plaintiff spoke with Lorena Lynch. Plaintiff asked to speak with an ADA coordinator. Lorena Lynch responded that she could assist Plaintiff.

13. Plaintiff asked if Lorena Lynch is the ADA coordinator. Lorena Lynch responded that she is not the ADA coordinator.

14. Plaintiff asked if the Court has an ADA coordinator. Lorena Lynch responded that the Court does not have an ADA coordinator. She then claimed to be the ADA coordinator, but only recently appointed

15. Plaintiff then indicated he would begin recording the conversation, and ask the same questions once again. Lorena Lynch then hung up on Plaintiff.

16. Plaintiff called back several times, whereupon Lorena Lynch hung up on him several times when he indicated he would begin to record. Lorena Lynch stated she did not want to be recorded.

17. Plaintiff had a severe panic attack due to his interaction with Lorena Lynch, her hanging up on him multiple times, his realization that a Court of law is woefully incompliant with basic disability laws, and his inability to arrange accommodations necessary so that he may access the Court in filing a lawsuit against Washington State University, including for emergency injunctive relief.

18. In response to Plaintiff's requests for accommodations and complaints regarding Whitman County Superior Court's lack of compliance with the ADA, Rehabilitation Act, and WLAD, Lorena Lynch indicated that she would forward Plaintiffs requests and complaints to the ADA coordinator for the County of Whitman, Kelli Campbell, and the attorney for the County of Whitman.

19. Plaintiff then received the response that his accommodation was denied without any explanation.

20. Plaintiff was not afforded any opportunity to appeal the denial of his accommodation request.

21. Plaintiff was not afforded any opportunity to file a grievance or complaint regarding the denial of his accommodation request.

22. Defendant has no grievance or complaint procedure regarding ADA complaints.

## VI.   FIRST CAUSE OF ACTION – TITLE II OF THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12131 et seq. – FAILURE TO ACCOMMODATE

23. Plaintiff incorporates paragraphs 1 through 22 of his complaint as if fully rewritten herein.

24. Plaintiff has diagnosed medical conditions which substantially limit one or more major life activities and therefore he has a disability as defined by Title II of the Americans with Disabilities Act (ADA). 42 U.S.C. § 12102; 28 C.F.R. § 35.104.

25. Plaintiff is a qualified individual with a disability because, with or without reasonable modifications to rules, policies, or practices, he meets the essential eligibility

requirements for participation in filing a lawsuit through the Clark County Superior Court. 28 C.F.R. § 35.104.

26. Defendant Whitman County Superior Court is a public entity within the meaning of Title II of the ADA. 42 U.S.C. § 12131(1); 28 C.F.R. § 35.104.

27. Title II of the ADA prohibits a public entity from subjecting a qualified individual with a disability to discrimination or excluding him or her from participation in or denying him or her the benefits of its services, programs, or activities by reason of such disability. 42 U.S.C. § 12132; 28 C.F.R. § 35.130(a).

28. Title II of the ADA requires a public entity to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability. 28 C.F.R. § 35.130(b)(7).

29. Defendants Whitman County, Kelli Campbell, and Lorena Lynch have discriminated against Plaintiff by their refusal to modify their policies, practices, or procedures to avoid discriminating against Plaintiff on the basis of his disability.

### VII. SECOND CAUSE OF ACTION – TITLE II OF THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12131 et seq. – RETALIATION

30. Plaintiff incorporates paragraphs 1 through 29 of his complaint as if fully rewritten herein.

31. Title II of the ADA prohibits retaliation and interference with Plaintiff accessing the services the Court provides. 28 C.F.R. § 35.134(b).

32. By refusing to respond to Plaintiffs requests for modifications, as well as refusing to respond to Plaintiff's requests to initiate a grievance, Defendants have, and continue to,

engage in retaliation, and interference with Plaintiff's access the Court in violation of 28 C.F.R. § 35.134(b).

## VIII. THIRD CAUSE OF ACTION – SECTION 504 OF THE REHABILITATION ACT 29 U.S.C. § 794 et seq. - FAILURE TO ACCOMMODATE

33. Plaintiff incorporates paragraphs 1 through 32 of his complaint as if fully rewritten herein.

34. Section 504 of the Rehabilitation Act of 1973 provides in relevant part: "[N]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance . . . ." 29 U.S.C. § 794; see 34 C.F.R. §§ 104.4(b), 104.21, 104.43(a).

35. At all relevant times, Defendants have been recipients of federal financial aid sufficient to invoke coverage of Section 504.

36. Plaintiff is a qualified individual with a disability within the meaning of Section 504 and its implementing regulations because he meets the essential eligibility requirements, with or without reasonable modifications to Defendants' policies, practices, or procedures, for participation in filing a lawsuit with the Superior Court.

37. Defendants Whitman County Superior Court, Kelli Campbell, and Lorena Lynchby their refusal to modify their policies, practices, or procedures, to allow Plaintiff to participate in filing a lawsuit with the court, have discriminated against Plaintiff on the basis of his disability in violation of Section 504 and its implementing regulations.

## IX. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully request that this Court:

A.     Assume jurisdiction over this matter;

B.     Because Defendants' discriminatory conduct is ongoing, issue a declaratory judgment holding that Defendants have violated Plaintiff's rights under Title II of the ADA;

C.     Because Defendants' discriminatory conduct is ongoing, issue a declaratory judgment holding that Defendants have violated Plaintiff's rights under Section 504 of the Rehabilitation Act of 1973.

Dated this day 30th, of December, 2022

Respectfully submitted,

*[signature]*

Scott Iceberg
4008 133rd St SE
Mill Creek, WA 98012
425-480-9103
scotticeberg@yahoo.com