UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SCOTT FRANCIS ICEBERG,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>WHITMAN COUNTY, and<br>LORETTA LYNCH,<br>in her official capacity,<br><br>　　　　　　　　Defendants. | NO: 2:22-CV-0332-TOR<br><br>ORDER OF DISMISSAL |

BEFORE the Court is Plaintiff's *pro se* Complaint and a Motion for Service of Complaint and Summons by USMS. ECF Nos. 1 and 9.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen a complaint filed by a party seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to

ORDER OF DISMISSAL ~ 1

prisoners"). Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Id*. "In making this determination, the Court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff." *Id*. Mere legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Court construes a *pro se* plaintiff's pleadings liberally, affording the plaintiff the benefit of any doubt.

ORDER OF DISMISSAL ~ 2

*Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (quotations and citation omitted).

The Court finds that Plaintiff has failed to state facts which "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Plaintiff complains that Whitman County Superior Court and an employee, Lorena Lynch, denied Plaintiff's request that he be appointed an attorney for purposes of filing a civil lawsuit against Washington State University. ECF No. 1.

There is normally no constitutional right to counsel in a civil case. *See Lassiter v. Department of Social Services*, 452 U.S. 18, 25–27 (1981). In exceptional circumstances in federal court, the court may request counsel to voluntarily provide representation to indigent litigants, 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. District Court*, 490 U.S. 296 (1989); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801-03 (9th Cir. 1986) ("the court in a civil case has the statutory power only to "request an attorney to represent" a person unable to employ counsel"). In deciding whether to [request] counsel pursuant to 28 U.S.C. § 1915, the district court must evaluate both the likelihood of success on the merits and the ability of the petitioner to articulate her claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) ("Neither of these factors is dispositive and both must be viewed

ORDER OF DISMISSAL ~ 3

1  together before reaching a decision.") (*quoting Wilborn v. Escalderon*, 789 F.2d
2  1328, 1331 (9th Cir. 1986)).

3        In Washington, generally, there is a right to counsel in civil cases only when
4  a civil litigant's "physical liberty is threatened" or a "fundamental liberty interest .
5  . . is at risk." *In re Dependency of Grove*, 127 Wn.2d 221, 237 (1995). Unless a
6  specific statute provides otherwise, counsel is never constitutionally required for
7  civil suits for money damages.

8                               **OPPORTUNITY TO AMEND**

9        Unless it is absolutely clear that amendment would be futile, a *pro se* litigant
10  must be given the opportunity to amend his complaint to correct any deficiencies.
11  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute*, 28
12  U.S.C. § 1915(e)(2), *as recognized in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.
13  2012). The Court finds that it is absolutely clear that no amendment will cure the
14  deficiencies in Plaintiff's Complaint. Therefore, the Court dismisses Plaintiff's
15  Complaint with prejudice.

16                       **REVOCATION OF IN FORMA PAUPERIS STATUS**

17        Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma*
18  *pauperis* if the trial court certifies in writing that it is not taken in good faith." The
19  good faith standard is an objective one, and good faith is demonstrated when an
20  individual "seeks appellate review of any issue not frivolous." *See Coppedge v.*

ORDER OF DISMISSAL ~ 4

1  *United States*, 369 U.S. 438, 445 (1962).  For purposes of 28 U.S.C. § 1915, an

2  appeal is frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*,

3  490 U.S. 319, 325 (1989).

4        The Court finds that any appeal of this Order would not be taken in good

5  faith and would lack any arguable basis in law or fact.  Accordingly, the Court

6  hereby revokes Plaintiff's *in forma pauperis* status.

7  **ACCORDINGLY, IT IS HEREBY ORDERED:**

8      1. Plaintiff's Complaint (ECF No. 1) is **DISMISSED with prejudice**.

9      2. Plaintiff's Motion for Service of Complaint and Summons, ECF No. 9, is

10        **DENIED** as moot.

11     3. Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

12     4. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of

13        this Order would not be taken in good faith and would lack any arguable

14        basis in law or fact.

15       The District Court Executive is directed to enter this Order and Judgment

16 accordingly, forward copies to Plaintiff, and **CLOSE** the file.

17       DATED February 22, 2023.



                              THOMAS O. RICE
                        United States District Judge